

**FILED**
**Feb 22, 2022**
**10:06 AM(ET)**
**TENNESSEE COURT OF**
**WORKERS' COMPENSATION**
**CLAIMS**



# TENNESSEE BUREAU OF WORKERS' COMPENSATION
## IN THE COURT OF WORKERS' COMPENSATION CLAIMS
## AT CHATTANOOGA

| | | |
|---|---|---|
| **Anthony McCarroll, Jr.,** | ) | **Docket No.: 2021-01-0034** |
| **Employee,** | ) | |
| **v.** | ) | |
| **Amazon.com,** | ) | **State File No.: 800029-2021** |
| **Employer,** | ) | |
| **And** | ) | |
| **American Zurich Ins. Co.,** | ) | **Judge Audrey Headrick** |
| **Carrier.** | ) | |

## COMPENSATION ORDER GRANTING SUMMARY JUDGMENT

The Court heard Amazon's Motion for Summary Judgment on February 16, 2022, on whether Mr. McCarroll's claim is barred by the statute of limitations. For the reasons below, the Court holds it is, and Amazon is entitled to summary judgment.

### Claim History

Mr. McCarroll alleged that he sustained injuries on August 29, 2019, when a box hit his head. He did not report the injury until October 10 after an unrelated work incident occurred. Amazon provided authorized treatment for the August 29 injury with an orthopedist.

On January 15, 2021, Mr. McCarroll filed a Petition for Determination for the August 29, 2019 injury. In her Rule 72 Declaration, Amazon's claim manager stated that the last payment for benefits occurred on December 23, 2019.

Amazon moved for summary judgment, arguing that the claim is time-barred or, in the alternative, that Mr. McCarroll provided untimely notice. Mr. McCarroll filed responses to the Statement of Undisputed Material Facts either admitting the facts or identifying them as immaterial.

## Law and Analysis

Summary judgment is appropriate "if the pleadings, depositions, answers to interrogatories, and admissions on file, together with the affidavits, if any, show that there is no genuine issue as to any material fact and that the moving party is entitled to a judgment as a matter of law." Tenn. R. Civ. P. 56.04 (2021).

As the moving party, Amazon must do one of two things to prevail on its motion: (1) submit affirmative evidence that negates an essential element of Mr. McCarroll's claim, or (2) demonstrate that Mr. McCarroll's evidence is insufficient to establish an essential element of his claim. Tenn. Code Ann. § 20-16-101 (2021); *see also Rye v. Women's Care Ctr. of Memphis*, *MPLLC,* 477 S.W.3d 235, 264 (Tenn. 2015). If Amazon does either or both of these things, Mr. McCarroll must respond by producing specific facts showing a genuine issue for trial. *Id*.; Tenn. R. Civ. P. 56.06.

Amazon argued the Court should grant summary judgment because it demonstrated that Mr. McCarroll failed to timely file a petition, so his claim is time-barred. Tennessee Code Annotated section 50-6-203(b)(2) governs the time within which a petition must be filed when an employer has voluntarily provided benefits, as in this case. Specifically, within one year after the work accident, the right to compensation is forever barred unless a petition is filed within one year from the time the employer "ceased to make payments of compensation to or on behalf of the employee."

Here, the undisputed facts show that Amazon last made a payment of benefits on December 23, 2019, and Mr. McCarroll did not file his petition until January 15, 2021. Therefore, Amazon negated an essential element of his claim, and it also demonstrated that his evidence is insufficient to establish an essential element of his claim.

Amazon met its burden, so the Court considers whether Mr. McCarroll identified specific facts demonstrating a factual dispute over when the statute of limitations began to run in his case. He did not. Mr. McCarroll either admitted to the facts or characterized them as immaterial.

While the outcome may seem harsh, the Court must abide by the time constraints within the Worker's Compensation Law. Therefore, the Court finds that Amazon negated an essential element of Mr. McCarroll's claim and proved his evidence is insufficient to show he timely filed his claim.[1] Amazon's Motion for Summary Judgment is granted, and Mr. McCarroll's claim is dismissed with prejudice.

---

[1] Amazon raised a notice defense in the alternative, which the Court need not decide since the case was disposed of on other grounds.

**IT IS THEREFORE ORDERED** as follows:

1. Mr. McCarroll's claim for workers' compensation benefits is dismissed with prejudice to its refiling.

2. Unless appealed, this order shall be final thirty days after entry.

3. The Court taxes the $150.00 filing fee to Amazon under Tennessee Compilation Rules and Regulations 0800-02-21-.06 payable to the Clerk within five days of this order becoming final.

4. Amazon shall prepare and submit the SD-2 with the Clerk within ten days of the date of judgment.

**IT IS ORDERED**.

**ENTERED February 22, 2022.**

*Audrey Headrick*
_____
**Audrey A. Headrick**
**Workers' Compensation Judge**

## CERTIFICATE OF SERVICE

I certify that a copy of this Order was sent as indicated on February 22, 2022.

| Name | U.S. Mail | Email | Service sent to: |
|------|-----------|-------|------------------|
| Anthony McCarroll, Jr., Employee | | X | ajmac584479@gmail.com |
| H. Troy Hart, Matthew B. Morris, Employer's Attorneys | | X<br>X | wth@mijs.com<br>mbmorris@mijs.com |

/s/Penny Shrum        w/permission JD
_____
**Penny Shrum, Clerk of Court**
**Court of Workers' Compensation Claims**
**WC.CourtClerk@tn.gov**